UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

Edward Mejia
aka Jose Maldonado

   v.                                                 Civil No. 12-cv-449-JD

William E. Smith, et al.

O R D E R

Edward Mejia, who is also known as Jose Luis Maldonado, brought a civil rights action against a federal judge, the warden and officers at the Wyatt Detention Center, and "unknown" United States Marshals, arising from events that occurred in February of 2011 during his trial on drug charges. Although Mejia is a prisoner and proceeding in forma pauperis, no preliminary review was conducted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A before the named defendants were served.[1] The state defendants' motion to dismiss has been granted, and all claims against the state defendants are dismissed. The court now reviews the remaining claims against William E. Smith and the unknown marshals under §§ 1915(e)(2) and 1915A.

---

[1]Mejia included unnamed United States marshals as defendants, but they have not been served.

Standard of Review

Under § 1915A, the court reviews the claims alleged in a complaint filed by a prisoner in which he seeks redress from a government employee and will dismiss any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" and that "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). Section 1915(e)(2) applies to plaintiffs who are proceeding in forma pauperis. The court "shall dismiss the case at any time if the court determines that-- . . . the action . . . is frivolous or malicious; [] fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

A. Claim Against William E. Smith

Mejia alleges that District Court Judge William Smith ordered the Wyatt Detention Center to have Mejia brought to the courthouse for his criminal trial. Mejia alleges that he was under a suicide watch at the time and that removing him from Wyatt violated the suicide watch. He further alleges that Judge Smith had "personal knowledge and involvement in" Mejia being beaten in the process of bringing him to the courthouse. He seeks five million dollars from Judge Smith.

2

Judges are immune from liability for damages based on their actions taken within their judicial function. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Knowlton v. Shaw, 704 F.3d 1, 5 (1st Cir. 2013). Acts taken within the judicial function, which are entitled to immunity, are not precisely defined but most clearly apply to decisions made in the course of adjudicating a case. Forrester v. White, 484 U.S. 219, 226-28 (1988). A judge who orders officers to bring someone into the courtroom for purposes of a pending case is acting within the judicial function. Mireles v. Waco, 502 U.S. 9, 12 (1991). Further, judicial immunity applies despite allegations of bad faith and malice. Id. at 11.

Judge Smith was acting within the judicial function when he had Mejia brought to the courthouse to attend his criminal trial. Mejia's allegations about Judge Smith's "personal" involvement in the circumstances that caused Mejia to be injured in the course of being brought to the courthouse are frivolous. In addition, such allegations do not preclude immunity. Because Judge Smith is entitled to judicial immunity, Mejia's claim against him is dismissed.

B. <u>Unknown Marshals</u>

In Counts Eight, Nine, Ten, and Eleven, Mejia alleges that three unknown marshals, along with other additional unknown marshals, transported him from Wyatt to the courthouse and grabbed him, when they reached the courthouse garage, to pull him out of the transport van. Mejia alleges that because he was mentally unstable he did not understand why that happened and went rigid. Mejia further alleges that the marshals then "began to beat and brutalize [Mejia] with excessive force." In the altercation, Mejia suffered injuries to his face.

In the context of a detained or incarcerated person, excessive force occurs when officers use force "maliciously and sadistically to cause harm" rather than in a "good-faith effort to maintain or restore discipline." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). To decide whether the amount of force used was excessive, the court must consider the officers' need for force in light of the amount of force applied, the extent of any injury the plaintiff suffered, the threat that the officers reasonably perceived, and the efforts made to use less force. <u>Id.</u>

Taking his allegations in the light most favorable to him, Mejia alleges that although he resisted the marshals' efforts to remove him from the van, the amount of force the officers used exceeded what was necessary. He alleges that his face was

4

injured. For purposes of preliminary review, Mejia has alleged claims for excessive force against the unknown marshals.

Ordinarily, the court would direct service of the complaint on the defendants. See 28 U.S.C. § 1915(d). Service cannot be completed, however, because Mejia has not identified the marshals whom he alleges used excessive force against him. To complete service, therefore, Mejia must find the names and addresses of the marshals who participated in the incident on February 23, 2011, when Mejia was being removed from the van at the courthouse in Rhode Island. Mejia can contact the United States Marshals Service in Rhode Island, 202-307-9100, to ask which marshals were assigned to that duty on February 23, 2011, and to request an appropriate address for service.

As soon as Mejia obtains the names and an appropriate address for service of the unknown marshals, he is directed to provide that information to the clerk of court. He shall have **60 days** from the date of this order to provide the names and the appropriate address for service of the unknown marshals to the clerk's office. Service then must be completed within **120 days** from the date of this order unless an extension of time is requested and granted. See Fed. R. Civ. P. 4(m).

5

When the clerk's office receives the names and address or addresses from Mejia, the clerk's office is directed to complete and issue a summons form for each of the marshal defendants identified by Mejia and to forward the summonses along with copies of the complaint (doc. no. 1), the order issued on December 17, 2012 (doc. no. 29), and this order to the United States Marshal's office to complete service.  See Fed. R. Civ. P. 4(c)(3).  The United States marshals shall complete service as provided in Federal Rule of Civil Procedure 4(e).

Plaintiff is instructed that all future pleadings, motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorney(s) pursuant to Federal Rule of Civil Procedure 5(b).

Conclusion

For the foregoing reasons, Count I is dismissed. Counts Eight, Nine, Ten, and Eleven remain in the case, pending service on the marshal defendants as is directed in this order.

SO ORDERED.

                                                Joseph A. DiClerico, Jr.
                                                United States District Judge
                                                (Sitting by designation.)

March 21, 2013

cc:  Leslie D. Parker, Esquire
     T. David Plourde, Esquire
     Jeffrey K. Techentin, Esquire
     Edward Majia, pro se