**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**


<u>Edward Mejia a/k/a</u>
<u>Jose Maldonado</u>

    v.                                    Civil No. 12-cv-449-JD-LM

<u>Robert Charette et al.</u>


**O R D E R**


    Three motions pending in this matter have been referred to
this magistrate judge for a ruling: (1) Defendants' "Motion to
Stay Proceedings Pending Resolution of Defendants' Motion for
Summary Judgment" (doc. no. 44); (2) Plaintiff's "Motion for
Discovery to Produce Documents Etc. Under Federal Rules of Civil
Procedure 26(b) and 34" (doc. no. 46);[1] and (3) Defendant's
"Memorandum in Objection to Motion for Discovery and Defendants'
Motion for Protective Order" (doc. no. 49).  A telephonic
pretrial conference is scheduled for November 20, 2013, at 11:30
a.m.

---

[1]On November 4, 2011, plaintiff filed a motion for discovery
(doc. no. 53) that appears to be essentially identical to the
motion for discovery (doc. no. 46) he previously filed in this
action.  The November 4 motion has not been referred to this
magistrate judge for ruling, but it appears this order will moot
that motion, as the requested relief is addressed herein.

I.   Background

In this action, Edward Mejia, an inmate at the Wyatt
Detention Facility ("WDF") in Central Falls, Rhode Island, has
asserted excessive force claims against four United States
Marshals ("Marshals") concerning an incident that occurred on
February 23, 2011, in the sally port of the United States
District Court for the District of Rhode Island (hereinafter
"Courthouse").  The parties agree generally that on that date,
Mejia was forcefully removed from a transportation van, and that
during the course of Mejia's removal from the van, he sustained
some injury.  At issue are the particular facts of the incident
and the reasonableness of the Marshals' use of force during the
incident.

On July 10, 2013, defendants filed a "Motion to Dismiss, or
in the Alternative, for Summary Judgment" (doc. no. 42)
(hereinafter "summary judgment motion") accompanied by
defendants' "Statement of Undisputed Facts" (doc. no. 43), and
twenty-five exhibits (doc. nos. 43-1 to 43-25).  The following
day, July 11, 2013, defendants filed a motion (doc. no. 44) to
stay all proceedings in this case pending the resolution of the
summary judgment motion.

Approximately one week later, plaintiff filed a motion for
discovery (doc. no. 46).  Four days after that, plaintiff filed

a "Declaration" (doc. no. 47) which, generously construed, appears to be a response to both the summary judgment motion and defendants' "Statement of Undisputed Facts."[2]  Defendants then filed a single document (doc. no. 49) containing both their objection to the motion for discovery, and their motion for a protective order.

II.  Plaintiff's Motion for Discovery (Doc. No. 46)

Plaintiff's motion for discovery, construed liberally, includes both a request for additional time to take discovery before the court rules on the summary judgment motion, and a motion to compel answers to interrogatories and document production requests that plaintiff served on defendants.

A.  Rule 56(d) Request

Rule 56(d) of the Federal Rules of Civil Procedure allows the court to defer consideration of, or deny, a summary judgment motion, or allow time to take discovery, where a nonmovant shows by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment.  Fed. R. Civ. P. 56(d).  The court construes

---

[2]On November 4, 2013, Mejia again filed a "Declaration" (doc. no. 54).  That document appears to be duplicative of the previously filed "Declaration" (doc. no. 47).

plaintiff's motion for discovery to include such a request, and grants that request.

B.    Motion to Compel Discovery

Plaintiff requests an order directing defendants to provide him with the following items:

1.  A copy of any prisoner transportation log and other documents pertaining to the transportation of plaintiff from the WDF to the Courthouse for the month of February 23, 2011;

2.  A copy of video taken at the sally port at the WDF, showing plaintiff's departure(s) from and arrival(s) at that facility on February 23, 2011;

3.  Copies of photographs taken of plaintiff on February 23, 2011, after the incident in question in this case;

4.  A copy of any hospital or medical report concerning any care or treatment plaintiff received for any injury he sustained at the Courthouse on February 23, 2011;

5.  Copies of any documents, including, but not limited to, reports, notes, and emails, held at or produced by anyone at the WDF that concern or reference the February 23, 2011, incident;

6.  Copies of any documents, including, but not limited to, reports, notes, and emails, held at or produced by anyone at the United States Marshals Service that concern, or reference the February 23, 2011, incident; and

7.  A copy of any videos taken in or around the Courthouse sally port showing the February 23, 2011, incident.[3]

_____

[3]Defendants have provided a DVD to both the plaintiff and the court that captures certain activity in the Courthouse sally port prior to and after the incident that is the subject of this action.  If all of the requested Courthouse video has already been provided, this discovery request is satisfied.

8.  Answers to the interrogatories that plaintiff has propounded on defendants.

Defendants, in their objection to plaintiff's discovery motion, have asserted that because plaintiff has not yet formally objected to their motion for summary judgment, the facts asserted in their summary judgment motion and statement of undisputed facts should be accepted and used in the court's resolution of the qualified immunity and excessive force issues addressed in the summary judgment motion.  Defendants also argue that all of Mejia's discovery requests should be denied, or stayed pending the resolution of the summary judgment motion. The court finds, however, that in filing his Declaration (doc. no. 47), plaintiff responded, at least in part, to defendants' Statement of Undisputed Facts, and furthermore, plaintiff has requested discovery under Rule 56(d).

In "Defendants' Proposed Discovery Plan" (doc. no. 52), defendants object to providing videos or other documentation from the WDF (collectively the "WDF records").  Despite defendants' failure to assert the same objection specifically in response to plaintiff's discovery motion, the court finds it expeditious to address the issue in ruling on the motion to compel.

Defendants assert that the WDF records are in the control of WDF, a third party.  According to its website, WDF is a detention facility housing "[d]etainees . . . in the custody of the United States Marshal[s] Service's various jurisdictions including, . . . Rhode Island."[4]  It appears that the United States Marshals Service and the WDF cooperate in the care and custody of inmates such as plaintiff.  Defendants clearly have had access to a number of WDF records pertinent to this case, as such records have been attached to defendants' Statement of Undisputed Facts.  See, e.g., Doc. Nos. 43-3 (Mejia's WDF medical records), 43-4 (WDF incident reports), 43-18 (WDF Sgt. Cloud Declaration), 43-19-24 (photographs of WDF van), 43-25 (WDF Officer Padgett Declaration).  In the interest of judicial economy and efficiency, before requiring plaintiff to subpoena the records he seeks from the WDF, the court directs defendants' counsel to request, from the WDF, prior to the November 20, 2013, pretrial conference, the records plaintiff seeks.  The court defers ruling on the motion to compel production of WDF records, pending the pretrial conference, at which counsel will be expected to report on the WDF's response to counsel's request

---

[4]Donald W. Wyatt Detention Facility, Central Falls Detention Facility Corporation, http://www.wyattdetention.com/ (last visited November 8, 2013).

for records, and whether he has served plaintiff with the relevant WDF records.

All of plaintiff's discovery requests appear designed to lead to the discovery of evidence relevant to the amount of force used on February 23, 2011, the reasonableness of that use of force, and the reasonableness of the Marshals' perceptions concerning the need for force.  Mejia is entitled to such discovery to enable him to respond to defendants' summary judgment motion.

Accordingly, plaintiff's motion to compel (doc. no. 46) is granted in part, denied in part, and deferred in part.  The motion is granted to the extent that defendants must serve plaintiff with a response to each document production request, and answer each unanswered interrogatory completely, within fourteen days of the date of this order.  In their response to any specific document production requests or interrogatories, defendants may assert any privilege or objection, in writing, to which they are entitled.  Plaintiff may challenge those objections and privileges, if any, in a follow-up motion to compel specific discovery responses pursuant to Rule 37 of the Federal Rules of Civil Procedure.  The motion is denied to the extent that materials have been provided to plaintiff as attachments to defendants' "Statement of Undisputed Facts," or

otherwise.  The motion is deferred to the extent that it
requests additional WDF records, pending the defendants'
counsel's report to the court on his request for such records
from that facility.

III.  Defendants' Motion for Protective Order and Objection to
      Plaintiff's Motion for Discovery (Doc. No. 44)

     In their combination motion for protective order and
objection, defendants seek a protective order "to the extent
that the discovery requests ask for information that is not
material to a specific issue of fact or law in Defendants'
pending motion for summary judgment."  Doc. No. 49 at 2. For the
reasons discussed above, and because defendants do not identify
how any specific discovery request seeks information that would
trigger the need for a protective order, the motion for
protective order (doc. no. 49) is denied.  The court also
rejects defendants' general objection to plaintiff's discovery
requests, asserted in lieu of specific objections to plaintiff's
individual discovery requests.

IV.  Defendant's Motion to Stay (Doc. No. 44)

     The defendants' request for a stay, filed one day after the
filing of the summary judgment motion, seeks to stay all
proceedings until the summary judgment motion is resolved.

Defendants argue: 1) that the summary judgment motion does not turn on any disputed material issue of fact, assuming the truth of plaintiff's allegations in the complaint; 2) plaintiff has failed to state a claim upon which relief might be granted; and 3) defendants are entitled to qualified immunity.  Without comment on the merits of the summary judgment or qualified immunity arguments made by defendants, the court finds that defendants are incorrect in asserting that the plaintiff's pleadings, accepted as true, fail to assert any disputed material issue of fact, fail to state a claim upon which relief might be granted, or demonstrate entitlement to qualified immunity.  Defendants would thus have the court resolve disputed issues on the basis of what they incorrectly characterize as undisputed facts, and deny plaintiff the opportunity to conduct discovery to properly respond to the motion for summary judgment.  The motion to stay (doc. no. 44) is denied.

V.    Plaintiff's Response to Defendants' Summary Judgment Motion

Summary judgment litigation in this case is governed by Rule 56 of the Federal Rules of Civil Procedure as well as LR Cv 56.  Plaintiff's filings, at this time, do not strictly comply with the requirements for responding to summary judgment.

"The 'majority of circuits have held that a pro se plaintiff is entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule.'" Marcello v. Maine, 489 F. Supp. 2d 70, 77 (D. Me. 2007) (quoting United States v. Ninety-Three Firearms, 330 F.3d 414, 427 (6th Cir. 2003) and collecting cases).  "'[I]t is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial.'" First Unum Ins. Co. v. Wulah, 364 F. App'x 673, 675 (2d Cir. 2010) (internal citation omitted).

In fairness to the pro se incarcerated plaintiff in this case, and considering the necessity of plaintiff's compliance with the procedural rules in this matter, despite his pro se status, see Samimi v. Tyco Healthcare/Ludlow/Kendall-Ludlow, Tech. Prods., LTP, 157 F. App'x 319, 319 n.1 (1st Cir. 2005) ("pro se party is obligated to comply with procedural ruels"), the court attaches the following documents to this order: (1) (1) a copy of Rule 56 of the Federal Rules of Civil Procedure (Appendix A); and (2) a copy of the court's local rule, LR Cv 56 (Appendix B).  These documents serve to apprise the plaintiff of the nature of summary judgment and the manner in which he is required to respond.

VI.   Defendant's Request for Limits on Obligation to Preserve
      Potential Evidence (Doc. No. 52)

On November 4, 2013, Defendants filed a proposed discovery
plan (doc. no. 52) in anticipation of the November 20, 2013,
pretrial conference.  In that plan, defendants seek to limit
their obligation to preserve and produce electronically stored
information ("ESI") so that they "need not maintain that
information beyond the regularly scheduled deletion, purge or
overwriting date unless [they have] knowledge that responsive
information actually is contained in that system or unless the
opposing party specifically requests it in writing."  Defendants
further request that "back-up tapes or disks used for system
restoration in the event of a catastrophic event which are not
actively used for retrieval of information are not subject to
any litigation hold."

Defendants have not provided any reason why their
obligation to preserve all relevant ESI, including back-up tapes
or disks, should be voided, or why they should be excused from a
party's general duty to preserve relevant evidence once they are
on notice of litigation.  See P.R. Tel. Co., v. San Juan Cable
LLC, No. 11-2135(GAG/BJM), 2013 WL 5533711, *1 (D.P.R. Oct. 7,
2013) ("Parties have a general duty to preserve relevant
evidence once it has notice of, or reasonably foresees,

litigation."). Accordingly, the request for limitations on the obligation to preserve evidence (doc. no. 52) is denied.

## Conclusion

As fully explained herein, the court orders as follows:

1.    The defendants' motion to stay (doc. no. 44) is DENIED.

2.    The defendants' motion for a protective order (doc. no. 49) is DENIED.

3.    The defendants' request, contained in its proposed discovery plan (doc. no. 52), concerning limitations on its obligation to preserve potential evidence in this case, is DENIED.

4.    The plaintiff's motion for discovery, and request for pre-summary judgment discovery pursuant to Rule 56(d) (doc. no. 46) is DENIED in part, to the extent defendants have already produced the requested materials; is DEFERRED in part as to the requested WDF records, pending defendants' counsel's report to the court at the November 20, 2013, scheduling conference, regarding the availability of those records; and is GRANTED in all other respects.

5.    Defendants must serve plaintiff with responses or specific objections to his discovery requests, and answers or

specific objections to plaintiff's previously propounded
interrogatories, within fourteen days of the date of this order.

     6.   Consistent with this order, the court will, at the
November 20, 2013, scheduling conference, entertain proposals
from the parties as to an appropriate schedule for discovery,
the filing of any withdrawal or revision of defendants' pending
motion for summary judgment (doc. no. 42) and Statement of
Undisputed Facts (doc. no. 43), and the filing of plaintiff's
response to defendants' motion for summary judgment.  The court
will issue a scheduling order after hearing the parties at the
November 20, 2013, pretrial conference.

     SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


November 12, 2013

cc:  Edward Mejia, pro se
    T. David Plourde, Esq.
    Jeffrey K. Techentin

## APPENDIX A

### FEDERAL RULE OF CIVIL PROCEDURE 56 - SUMMARY JUDGMENT

**(a) Motion for Summary Judgment or Partial Summary Judgment.**  A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.**  Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

    **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2) Objection That a Fact Is Not Supported by Admissible Evidence.**  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3) Materials Not Cited.**  The court need consider only the cited materials, but it may consider other materials in the record.

14

**(4) Affidavits or Declarations.**  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.**  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.**  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.**  After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.**  If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.**  If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

16

## APPENDIX B

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND
LOCAL RULE CV 56 – MOTION FOR SUMMARY JUDGMENT

**(a) Statement of Undisputed Facts.**

(1) In addition to the memorandum of law required by LR Cv 7, a motion for summary judgment shall be accompanied by a separate Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law.

(2) The Statement of Undisputed Facts shall be filed as a separate document with the motion and memorandum. Each "fact" shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed.

(3) For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion. An objecting party that is contesting the movant's Statement of Undisputed Facts shall file a Statement of Disputed Facts, which shall be numbered correspondingly to the Statement of Undisputed Facts, and which shall identify the evidence establishing the dispute, in accordance with the requirements of paragraph (a)(2).

(4) If an objecting party contends that there are additional undisputed facts not contained in the moving party's statement of undisputed facts which preclude summary judgment, that party shall file a separate Statement of Undisputed Facts setting forth such additional undisputed facts. Such statement shall be prepared in accordance with the requirements of paragraph (a)(2), except that the additional undisputed facts shall be numbered consecutively to the moving party's undisputed facts.

(5) If an objecting party files a separate statement of additional undisputed facts and the movant contests any of those facts, the movant shall file a separate statement setting forth what additional facts are disputed, numbered correspondingly to the opposing party's additional undisputed facts, at the same time it files its reply memorandum pursuant to LR Cv 7(b)(2).

**(b) Supporting Documents.** Unless otherwise requested or permitted by the Court, only the relevant portion(s) of documents submitted in support of or in opposition to a motion for summary judgment shall be included in the attachments.

**(c) Successive Motions.** No party shall file more than one motion for summary judgment unless the Court otherwise permits for good cause shown.

**(d) Objections and Replies.** The timing and filing of objections and replies in connection with motions for summary judgment shall be governed by LR Cv 7, unless otherwise directed by the Court.