UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND


<u>Edward Mejia a/k/a Jose Maldonado</u>

    v.                          Civil No. 12-cv-449-JD

<u>Robert Charette, et al.</u>


O R D E R

Edward Mejia, who is also known as Jose Luis Maldonado but will be referred to as "Mejia", brought a civil rights action, arising from events that occurred during his trial on drug charges.  The remaining defendants, who are United States Marshals, filed a motion for summary judgment on the claims against them.  Mejia moves for counsel to be appointed to represent him in this case and moves pursuant to Federal Rule of Civil Procedure 56(d) for additional time to respond to the defendants' motion for summary judgment in order to conduct additional discovery.  The defendants object to both of Mejia's motions.


<u>Procedural Background</u>

Mejia is proceeding pro se and in forma pauperis.  He brought civil rights claims against a federal judge, the warden and officers at the Wyatt Detention Center, and United States Marshals, arising from events that occurred in February of 2011 during his trial on drug charges.  The court denied his first motion for appointed counsel on September 6, 2012.  The claims

against all defendants except the marshals were dismissed in December of 2012 and March of 2013.

The marshals, the only remaining defendants, filed a motion to dismiss or in the alternative for summary judgment on July 10, 2013. Mejia moved for discovery to address the marshals' motion, filed a declaration pertaining to the events from which his claims against the marshals arose, moved for discovery of a video of the area where his altercation with the marshals occurred, and filed a third motion for discovery. The marshals moved for a protective order and to stay the proceedings in this case until their motion for summary judgment was decided.

The magistrate judge denied the marshals' motions to stay and for a protective order and granted Mejia's motion for discovery except for records from Donald W. Wyatt Detention Facility, which the marshals agreed to provide. As part of that order, the magistrate provided guidance to Mejia in the procedural rules pertaining to a motion for summary judgment and the manner of his response to the motion.

Discussion

Mejia now moves for appointment of counsel and for more time to conduct additional discovery before responding to the defendants' motion. The defendants oppose both motions.

I.  Appointment of Counsel

An indigent litigant in a civil case does not have a constitutional right to counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Instead, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). As the magistrate judge explained in addressing Mejia's prior motion for counsel, the court will request representation under § 1915(e)(1) only in exceptional circumstances. DesRosiers, 949 F.2d at 23. Exceptional circumstances are those "such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Hurt v. United States, 2013 WL 6489951, at *2 (D. Mass. Dec. 5, 2013) (citing DesRosiers, 949 F.2d at 23).

In support of his motion for counsel, Mejia states that he is not a United States citizen, that he does not speak or clearly understand English, that he was provided an interpreter during his criminal trial, that he is a "lay-man to the laws of the United States," and that another inmate helped him file this action. Mejia also states that he alleges serious civil rights violations by the defendants.

Mejia's filings in this case demonstrate a good understanding of English and of the applicable procedures and legal standards. His claim against the marshals is that they used excessive force in removing him from a transport van which

3

resulted in injuries to his face. As stated in the order issued on March 22, 2013, the standard for excessive force in these circumstances is whether the officers used force "maliciously and sadistically to cause harm" rather than in a "good-faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

The issues raised by Mejia's claim are factual, that is, what happened and who did what. Mejia has sought and received discovery on the pertinent factual issues, including access to a DVD of videos of the area where the altercation occurred. Mejia has not shown that the absence of counsel to represent him will result in fundamental unfairness.

II. Additional Time for Discovery

Citing Federal Rule of Civil Procedure 56(d), Mejia filed a "Declaration" in which he asserts a need for time to conduct additional discovery to respond to the defendants' motion to dismiss or in the alternative for summary judgment. To succeed on a Rule 56(d) motion, a litigant "must submit to the trial court an affidavit or other authoritative document showing (i) good cause for his inability to have discovered or marshaled the necessary facts earlier in the proceedings; (ii) a plausible bases for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the

4

pending summary judgment motion."  Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007) (Rule 56(d) was then Rule 56(f)); accord Bose Corp. v. Ejaz, 732 F.3d 17, 28 (1st Cir. 2013) (same standard under Rule 56(d)).

In support of his motion, Mejia states that "[t]he discovery would provide what Deputy United States Marshal struck me while inside the van," "what Deputy United States Marshals dragged me [from] the van," and "provide all Deputy United States Marshals that were aware of their excessive force in violation of my Constitutional right to due process."  Mejia further asserts that he will be able to amend the complaint after he receives additional discovery.

Given the discovery Mejia has already obtained and the prior extension of time he was granted for more discovery, Mejia's request for additional time is not supported by good cause.  Further, Mejia provides no basis to believe that additional facts exist to support the issues he lists or that such facts would defeat the defendants' pending motion.  As such, Mejia's request for more time to conduct discovery under Rule 56(d) is not properly supported and is denied.

## Conclusion

For the foregoing reasons, Mejia's motion for appointment of counsel (document no. 57) and his declaration under Rule 56(d) (document no. 58) are denied.

Mejia shall file his objection or response to the defendants' motion to dismiss or in the alternative for summary judgment on or before **Friday, January 17, 2014.** If Mejia should fail to file an objection or response to the pending motion within the time allowed, the court will consider the motion unopposed and the properly supported facts in the motion will be deemed to be admitted by Mejia. LR 56.1.

SO ORDERED.

                                      /s/ Joseph A. DiClerico, Jr.
                                      Joseph A. DiClerico, Jr.
                                      United States District Judge
                                      Sitting by designation

January 3, 2014

cc: Edward Mejia, pro se
    Leslie D. Parker, Esq.
    T. David Plourde, Esq.
    Jeffrey K. Techentin, Esq.